FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA---TAMPA

10 MAY 10 PM 4:35

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| PEARL LANIER BRYAN,<br>Plaintiff,<br><br>v.<br><br>MOUNT OLIVE SHORES NORTH<br>HOMEOWNERS' ASSOCIATION, INC.,<br>RONALD F. LILLY, PAUL T.<br>HINCKLEY, TAYLOR & CARLS, P.A.<br>And all JOHN & JANE DOES 1-10<br>Defendants. | CIVIL ACTION NO:<br>8:10 CV 1103 T26 TBM<br><br>TRIAL-by-JURY<br>DEMANDED under<br>Rules 38-39, FRCP and<br>The 7th Amendment |

## COMPLAINT FOR DECLARATORY RELIEF & INJUNCTION

1.  Comes now the Plaintiff PEARL LANIER BRYAN, with this her Original Complaint for Declaratory Judgment, Civil Rights Injunction, and Quiet Title, complaining for declaratory judgment in respect of the same, and demanding damages arising from fraudulent conveyance and slander of title to inflicted by MOUT OLIVE SHORES NORTH HOMEOWNERS' ASSOCIATION, INC., Ronald F. Lilly, PAUL T. HINCKLEY, TAYLOR & CARLS, P.A., and John & Jane Does 1-10, all relating to the Plaintiff's Homestead real estate located at the above-noted address at 1227 Motor Coach Drive, Polk City, Polk County, Florida 33868-5101.

2.  Jurisdiction is conferred upon this court pursuant to 28 U.S.C. §1331 in that the claims alleged therein arise under the laws of the United States and also by 28 U.S.C. §1343(a)(3)-(4) in that Pearl Lanier Bryan here seeks:

> To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of

citizens or of all persons within the jurisdiction of the United States;
and
To recover damages [and] secure equitable relief or other relief under [42 U.S.C. §§1981, 1982, inter alia] providing for the equal protection of rights....

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiff's state law claims arising under the laws and constitution of the State of Florida, including but not limited to parallel determination of the Constitutionality of Florida Statutes §§720.3085 and related statutes under the Constitution of the State of Florida and equitable action for quiet title against all defendants in Chancery Court pursuant to Florida Statutes §§65.011-65.061.

4. Furthermore, there is both constitutional (Federal Question) jurisdiction under 42 U.S.C. §§1983 & 1988 and supplemental jurisdiction under the Florida Constitution and Civil Rights Act to determine the constitutionality of Florida Statutes §§720.301, 720.303, 720.304, 720.3075, 720.308, and 720.3085 as against MOUNT OLIVE SHORES NORTH OWNERS' ASSOCIATION, INC., a Florida Home Owners' Association organized and operating under the aforementioned Florida statutes, all of which are unconstitutional under the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution as well as parallel provisions under the Florida Constitution.

5. 28 U.S.C. §1343(a)(4) and 42 U.S.C. §§1983, 1988(a) also authorize this Court to render injunctive relief against the Mount Olive Shores North Owners' Association, Inc., Patrick T. Hinckley, and Taylor & Carl, P.A., to prevent them from charging, collecting and/or attempting to charge or collect Home Owners' Fees from Plaintiff Pearl Lanier Bryan, and these

statutes permit an award of damages from or disgorgement by Mount Olive Shores North Owners' Association, Inc., of any fees already collected from Pearl Lanier Bryan.

**6.** Pursuant to Rule 5.1 of the Federal Rules of Civil Procedure, a copy of this Complaint will be formally served on the 36th Attorney General of the State of Florida, also known as Florida Republican Gubernatorial Candidate Bill McCollum.

**7.** These state law claims constitute the foundation, in turn, for Plaintiff's federal claims in that all arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.

**8.** Further and additionally, but arising from the same common nucleus of operative fact and law, and therefore inextricably intertwined with the facts giving rise to this suit concerning the Mount Olive North Owners' Association Fees, Plaintiff Pearl Lanier Bryan has suffered actual damages and filed a petition for Bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, Palm Beach Division, because of her husband Ronald F. Lilly breached his contract with her and court imposed duties to pay his equal share of the valid and enforceable Homeowners Association Fees (if any are valid) to avoid the imposition of encumbrances on the property known as 1227 Motor Coach Drive, Polk City, Florida.

**9.** Plaintiff Pearl Lanier Bryan sues here in part because the Florida Circuit Court (Domestic Relations/Family Division) for the Tenth Judicial Circuit in and for Polk County, Florida, which Ronald F. Lilly steadfastly refuses to acknowledge any of Plaintiff's underlying claims or to enforce Plaintiff's several contracts with her husband Ronald F. Lilly which survived

both the dissolution decrees and subsequent modifications entered by that Court in Polk County since 2002.

**10.** Plaintiff's continuing right to receive payments for the mortgage and Home Owner's Association fees from Ronald F. Lilly, originally created by Ronald F. Lilly's status as co-signer on the original mortgage note and contract, was established and/or confirmed by ¶8 of the Findings entered on page 3, of the Amended Final Decree of Dissolution signed by Florida State Judge James A. Yancey on December 3, 2004; in addition, ¶N of the matters Ordered and Adjudged, on page 11 of the same December 3, 2004, Amended Final Judgment of Dissolution commanded "Each Party shall surrender said residence free and clear of all liens, attachments, etc." but as of March 16, 2010, Ronald F. Lilly, by and through his attorney Tanya M. Comparetto, has absolutely refused to "pay anything towards any liens, including Troiano's."

**11.** In that the Courts of the State of Florida have abdicated their power and obligations to enforce any orders in favor of the Plaintiff or against Ronald F. Lilly, Plaintiff has no recourse except to sue Ronald F. Lilly for ordinary breach of contract, in that he has not made a single mortgage payment since 2000, and has, in effect, forced Plaintiff into a what amounts to a continuing state of non-dischargeable bankruptcy.

**12.** The refusal of the Florida State Courts to enforce the terms of the contract between Plaintiff and Lilly constitutes a violation of Plaintiffs equal rights to make and enforce contracts, and to own property, guaranteed to her as a matter of Federal Civil Rights Law by 42 U.S.C. §§1981 and 1982, actionable under 42 U.S.C. §§1983, 1988.

**13.** There is, accordingly (as between Pearl Lanier Bryan and Ronald F. Lilly only), a need in the present suit to enforce without modification the cited clauses of the final judgment of the dissolution of marriage proceedings filed in the Tenth Judicial Circuit Court in and for Polk County, Florida (GCF-2000-6411-09); the judgments or collateral decisions concerning the property, subject of this lawsuit, have been made and are final in the litigation between the parties to this lawsuit; there is only a partial overlap of the parties between this case and the aforementioned Domestic Relations case, but all property issues in the dissolution case are touched upon here.

**14.** There is no ongoing litigation in state court between Pearl Lanier Bryan and Mount Olive North Owners' Association, Inc., although Patrick T. Hinckley and Taylor & Carl, P.A., have threatened to initiate such litigation by May 14, 2010.

**15.** Plaintiff reserve the right to amend and add additional causes of action to this complaint by regular amendment pursuant to Rule 15 of the Federal Rules of Civil Procedure as may be necessary to bring all issues before the Court concerning the properties for which quiet title is sought in Florida.

**16.** Venue is proper in the Middle District of Florida in that the property at 1227 Motor Coach Drive, Polk City, Florida 33868-5101 owned by the Plaintiff and subject to this Complaint is located in the Tampa Division of the Middle District of Florida.

**17.** Furthermore, most if not all of the transactions and occurrences giving rise to this dispute also took place in Polk County, Florida, within the territorial jurisdiction of the Tampa Division of the Middle District of Florida.

## COUNT I: FLORIDA STATUTE §720.3085 IS UNCONSTIUTIONAL

**18.** Plaintiff realleges ¶¶1-17 and incorporates the same by reference.

**19.** Plaintiff files this suit for declaratory judgment pursuant to 28 U.S.C. §§1343, 2201, 2202 and 42 U.S.C. §§1981, 1982, 1983 & 1988.

**20.** Plaintiff specifically alleges that Florida Statute §720.3085 denies her the equal protection of the laws in the making and enforcement of contracts and ownership of property guaranteed to her by 42 U.S.C. §§1981 and 1982.

**21.** Plaintiff also asks this court to construe and apply these statutes in a color-blind manner. Some previous jurisprudence on 42 U.S.C. §§1981 and 1982 has limited these powerful civil rights statutes to cases involving racial discrimination against African Americans and other non-whites.

**22.** However, the Court should look to the language of the statute and give full force and effect to every word of the congressional enactment, keeping in mind that over the thirty one years (since *Regents of Univ. of Cal.* v. *Bakke*, 438 U.S. 265, 57 L. Ed. 2d 750, 98 S. Ct. 2733 [1978]) the United States Supreme Court has radically retreated from the use of racial classifications to limit the applications of civil rights laws. *See, e.g., Grutter v. Bollinger*, 539 U.S. 306; 123 S. Ct. 2325; 156 L. Ed. 2d 304 (2003).

**23.** Plaintiff Pearl Lanier Bryan merely asks this Court to apply a COLOR BLIND INTERPRETATION AND CONSTRUCTION OF THE CIVIL RIGHTS LAWS.

**24.** Plaintiff purchased 1227 Motor Coach Drive, Polk City, Florida 33868-5101 together with her former husband Ronald F. Lilly, who has never divested himself of interest in the property although he has not lived there for a decade.

25.  Defendants claim and contend that Plaintiff is liable to pay the Mount Olive Shores North Owners' Association fees and assessments in an amount now in excess of $16,000.00.

26.  The statutory authority for the collection of such fees appears to be Florida statutes §§720.301, 720.303, 720.304, 720.3075, 720.308, and 720.3085.

27.  This authority is defective, however: Florida Statute §720.3085 states as follows:

> (3) Assessments and installments on assessments that are not paid when due bear interest from the due date until paid at the rate provided in the declaration of covenants or the bylaws of the association, which rate may not exceed the rate allowed by law. If no rate is provided in the declaration or bylaws, interest accrues at the rate of 18 percent per year.

28.  Plaintiff submits and asks this Court to declare and adjudge that the statutory modification of a homeowners' declaration of covenants and bylaws (including a higher interest rate than is known from any other statutory provision---many times higher than the statutory pre-or-post-judgment interest rates authorized in courts of law) is either a taking of property for public purpose without due process of law or else it is an unconstitutional impairment of the obligations of contract, or possibly both.

29.  It would also appear that §720.3085 provides for retroactive application as follows (bold and italic emphasis added to highlight unconstitutional ex-post facto/impairment of contracts provision):

> (1) When authorized by the governing documents, the association has a lien on each parcel to secure the payment of assessments and other amounts provided for by this section. Except as otherwise set forth in this section, ***the lien is effective from and shall relate back to the date on***

*which the original declaration of the community was recorded.* However, as to first mortgages of record, the lien is effective from and after recording of a claim of lien in the public records of the county in which the parcel is located. This subsection does not bestow upon any lien, mortgage, or certified judgment of record on July 1, 2008, including the lien for unpaid assessments created in this section, a priority that, by law, the lien, mortgage, or judgment did not have before July 1, 2008.

30. Plaintiff Pearl Lanier Bryan asks that this court plainly adjudge that the phrase highlighted above: *"the lien is effective from and shall relate back to the date on which the original declaration of the community was recorded"* constitutes an unconstitutional ex-post facto law impairing the obligations of contract, and thus authorizes a taking of property under color of law without due process and in violation of equal protection.

31. The statute authorizes Home Owners' Associations to impose retroactive requirements, including interest the governing document had to be in effect by the words "when authorized by the governing documents". To the extent that they are not in effect, the governing documents do not authorize anything, but the statute authorizes the imposition of a higher interest rate ex-post-facto than any rational person would agree to pay, in modern market conditions, ex-ante, and in effect, the Owners' Association under this statute can completely rewrite the homeowners declarations and bylaws without fear of constitutional repercussions or consequences, although its conduct is authorized by law.

32. It is hard to imagine how Florida Statute §720.3085 could possibly violate more fundamental rights under the Federal and Florida Constitutions if it had been designed to maximize its own unconstitutionality.

33.    Plaintiff asks this court to declare and adjudge that the prohibition against ex-post facto laws and laws impairing the rights and obligations of contract are matters of equal protection of the laws, and/or of equal privileges and immunities under the laws, whether under Article IV, Section 2 of the Constitution or under the Fourteenth Amendment.

34.    Plaintiff asks that this Court declare and adjudge that Florida Statute §720.3085 is unconstitutional on its face, and that the Court enter a permanent injunction against the enforcement or application of the same for any and all purposes, declaring null and void any claims by the defendants against the Plaintiff arising under this illegitimate provision of law.

### COUNT II: FLORIDA HOME OWNERS' ASSOCIATION LAWS ARE UNCONSTITUTIONAL INFRINGEMENTS ON FIRST AMENDMENT EXPRESSION, FREEDOM OF CONTRACT, AND PROPERTY OWNERSHIP RIGHTS

35.    Plaintiff realleges §§1-33 and incorporates the same by reference.

36.    Plaintiff Pearl Lanier Bryan herein complains of MOUNT OLIVE SHORES NORTH OWNERS' ASSOCIATION, INC., (with notice to Florida Attorney General Bill McCollum under Rule 5.1), demanding declaratory judgment pursuant to 42 U.S.C. §§1983 and 1988 that Florida Statutes §§720.301, 720.303, 720.304, 720.3075, 720.308, and 720.3085 are unconstitutional under the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, and violate 42 U.S.C. §§1981 & 1982.

37.    Plaintiff submits and contends that MOUNT OLIVE SHORES NORTH OWNERS' ASSOCIATION, INC., is without any constitutional power to impose regulations or to assess, impose, or collect homeowners' fees from her because the above-and-foregoing statutes which empower the MOUNT OLIVE SHORES NORTH OWNERS' ASSOCIATION to file

a lien and to threaten foreclose on her property at 1227 Motorcoach Drive in Polk City, Florida 33868 are themselves unconstitutional grants of license to a nominally non-governmental corporation to perform governmental and regulatory acts prohibited under both the Florida and United States Constitutions.

**38.** Plaintiff asks that this court adjudge, find, hold, and rule that the statutory authority granted to Homeowners' Associations in the state of Florida is essentially a delegation to a nominally private entity the power to do that which neither the state itself nor any municipality can do: namely the power to regulate freedom of speech, expression and association.

**39.** There is no legitimate purpose for the fees and assessments collected by the Mount Olive Shores North Owners' association and this court should so adjudge, declare, find, hold, and rule.

**40.** The sole purpose of the Mount Olive Shores North Owners' Association is to limit freedom of speech, freedom of expression (including but not limited to symbolic expression of choices involving the exterior decoration of each Polk City resident's home within the Mount Olive Shores compound), and as such, Mount Olive Shores North Owners' Association is performing a governmental function as a governmental entity, engaging in a form of regulation designed to all constitutional governments in the United States and Florida by their respective constitutions.

**41.** This Court should declare and adjudge that Home Owners' Associations are not "incidents or aspects of private property ownership" but in fact act as governmental corporations to whom the constitutions of the United States and Florida apply in full and without exception.

**42.** Wherefore, this Court should permanently enjoin the enforcement of the Florida homeowners' associations declarations and bylaws as unconstitutional delegations of power which the government does not possess and therefore cannot delegate.

**43. This Court should as a matter of permanent injunction, order the dissolution of all Florida homeowners' associations and the legitimate functions returned to truly private corporations and individuals without grants of illegitimate power under color of law.**

**44.** Plaintiff moves and requests a declaratory judgment in her favor, in addition to a permanent injunction and all such other and further relief at law or in equity to which Plaintiff may show herself justly entitled, in addition to her costs of suit and attorneys' fees, if Plaintiff, although filing this complaint pro se, is forced to hire an attorney licensed in the state of Florida to represent her in this case.

## COUNT III; THIRD CAUSE OF ACTION is for RELIEF BY FORECLOSURE ACCOUNTING

**45.** Plaintiff realleges and incorporates by reference the allegations contained in ¶¶ 1-43 of this Complaint as if the same were fully recopied and restated herein below.

**46.** When foreclosure is threatened of any property, Florida statutory and common law imposes fiduciary duties on the foreclosing party towards the party to be foreclosed. Some of the Defendants herein have threatened foreclosure against the Plaintiff's interest in her Florida homestead at 1227 Motor Coach way an account of her failure to pay a debt which is neither based on a purchase nor any material improvement to nor any equity loan

nor any imposition of taxes by any lawful taxing authority, but by an allegedly private corporation exercising at least quasi-governmental powers.

**47.** A controversy exists between Plaintiff and Defendants concerning whether any amounts are legitimately due and owing from the Plaintiff to all or any of the Defendants, especially but not limited to the Mount Olive Shores North Owners' Association.

**48.** Defendant Ronald F. Lilly is identified as a de jure co-obligor together with Plaintiff as a result of their original joint purchase of the property at 1227 Motor Coach Drive, but Defendant Ronald F. Lilley has for many years, recently affirmed by his attorney Tonya Comparato, refused to acknowledge or pay his share of the property owners' fees and assessment, if any such fees are lawful and hence, legitimately due and owing.

**49.** Plaintiff Pearl Lanier Bryan demands a full and complete accounting of the monies assessed as fees or penalties and billed by the Mount Olive Shores North Owners' Association.

**50.** As part of this accounting, Plaintiff demands legal proof of the authority of Mount Olive Shores North Owners' Association for the imposition, assessment, and collection of each separate charge listed on her account (with de jure co-obligor Ronald F. Lilly) since her purchase of 1227 Motor Coach Drive.

**51.** Furthermore, Plaintiff Pearl Lanier Bryan demands proof that she has been properly credited for all payments made and received on this account.

**52.** In relation to her payments, Plaintiff Pearl Lanier Bryan demands a full refund of all monies collected from her or penalties imposed by her and paid in violation of the constitutions of Florida and the United States, with interest imposed upon all amounts which are or ought to be repaid.

53. If any amounts are found to be legitimately owing, Plaintiff moves and requests that Ronald F. Lilly be ordered and required to pay such amounts as he has not paid, plus pre-and-post-judgment interest, from the inception of this Mount Olive Shores North Owners' Association assessment account relating to 1227 Motor Coach Drive until the present time.

54. If monies were paid but improperly applied, Plaintiff should receive credit and, if appropriate, reimbursement of such funds.

55. Wherefore, Plaintiff demands a fully fiduciary accounting on the part of Mount Olive Shores North Owners' Association, together with (1) proof of authority for each charge, (2) proof of credit for each charge, (3) assessment against Lilly of all unpaid but legitimate charges, (4) disgorgement and refund of all paid but illegitimate charges, (5) a permanent injunction against all further and future charges.

## COUNT V: UNFAIR DEBT COLLECTION PRACTICES & PREDATORY LENDING

56. Plaintiff realleges paragraphs 1-55 and incorporates all material allegations and legal contentions as if fully set forth and recopied herein.

57. Plaintiff alleges that the Defendants and each of them, in taking the actions aforementioned, have violated provisions of Florida Statutes, as well as the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchapter V. §§ 1692 et seq, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.

58. Defendants and each of them is directly or though agents or employees entities or persons actively involved in the extension of credit as said term is defined under the Truth in Lending Statute (TILA). Said Defendants subject to the requirements of the Truth in Lending Act have

violated the requirements of the said act in that among other things:

    a. They have failed to validate and otherwise make a full accounting and required disclosures as to the true finance charges and fees.

    b. They have improperly retained funds belonging to Plaintiff in amounts to be determined.

    c. To disclose the status of the ownership of said loans.

**59.** Plaintiff further alleges that these violations are such as to require rescission and or cancellation of the loan herein and return of all funds received by Defendants from Plaintiff.

**60.** Plaintiff further alleges that she is entitled to compensatory damages and an amount to be determined at trial.

### COUNT VI: DECLARATORY JUDGMENT: NO VALID CONTRACT EXISTS DUE TO LACK OF MUTUALITY OF CONSIDERATION

**61.** Plaintiff realleges the above and foregoing paragraphs ¶¶1-60 and incorporates the same by reference as if fully copied and restated herein below.

**62.** Under Florida law, as defined both by common law judicial precedent and statute, a contract requires at least one promise made by one party on each side of a contract, which promise is bargained for as consideration;

**63.** the contract will only be valid if, the one element of mutually promised performance each side of the agreement (to each party of a bilateral contract) would be consideration.

**64.** WHEREFORE the Plaintiff's agreement (if any) with Mount Olive Shores North Owners' Association, Inc., should be declared null and void.

## COUNT VII: QUIET TITLE TO 1227 Motor Coach Drive POLK CITY, FLORIDA 33868-5101, FLORIDA 33414

**65.** Plaintiff realleges paragraphs ¶¶1-64 of this Complaint and incorporates the same by reference as if fully copied and restated herein below.

**66.** Plaintiff now sues for quiet title to 1227 Motor Coach Drive, Polk City, Florida 33868-5101, Polk City, Florida 33868-5101, Florida 33414 pursuant to the Florida Action to Quiet Title Statute contained in Section 65.061 of the Florida Statutes, which governs quiet title actions.

**67.** As authorized by Florida Statutes §65.061(1)-(2), Plaintiff asserts this claim to establish her clear title to this property, her home of ten years, against the adverse claims of Mount Olive Shores North Owners' Association, Inc., and against Ronald F. Lilly (including but not limited to any person taking by or through Ronald F. Lilly), and all Jane and John Does that may or may not have a supposed interest in the title to 1227 Motorcoach Drive.

**68.** Plaintiff identifies Jane and John Does as anyone who may have any supposed interest in Title. Plaintiff believe that, given the current state of this economy (which is rife with fraud) that there could be other fraudulent parties, outside of Mount Olive Shores North Owners' Association that may assert claims or liens or other encumbrances against Plaintiff's clear title and unfettered ownership.

**69.** Jurisdiction and Venue are proper pursuant to the Florida Quiet Title Statutes because 1227 Motor Coach Drive, Polk City, Florida 33868-5101, Polk City, Florida 33868-5101, the principal property in question for which

quiet title is sought, is located within the County of Palm Beach within the territorial jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

**70.** Plaintiff will file a *lis pendens* as required by law with the County Clerk of Polk County, Florida. Pursuant to the Florida Statutes Plaintiff identify the principal property as 1227 Motor Coach Drive, Polk City, Florida 33868-5101, Polk City, Florida 33868-5101, Florida 33414, as being legally described as:

> **Lot 1363, Block E, of Olympia-Plat II, according to the Plat thereof, as recorded in Plat Book 92, Page 1, of the Public Records of Polk County, Florida, A.P.N.: 73424417020013630.**

**71.** Plaintiff asks and prays for relief that this Court to grant quiet title to the Plaintiff, because Mount Olive Shores North Owners' Association and Ronald F. Lilly's encumbrances on the subject property entirely depends on a contract with PEARL LANIER BRYAN and her husband Ronald F. Lilly, which was either void *ab initio* because of the unconstitutionality of the Florida Homeowners' statutes set forth elsewhere (above) in this complaint.

**72.** Plaintiff reserves the right to amend this Complaint for Quiet Title further to conform with Florida or Federal law before any final determination of the legal sufficiency of this Complaint.

**73.** Pursuant to Florida Statute 65.061, Plaintiff prays that the Court will hold a hearing to examine into and determine Plaintiff Claims against all of the Defendants, and that upon Final Trial-by-Jury, demand for which is hereby made and tendered, that the Court will award Plaintiff quiet title to their property, the subject of this lawsuit, ordering that all encumbrances and liens, including Mount Olive Shores North Owners' Association, Inc.,

and Ronald F. Lilly or any other party claiming to take interest by or through these defendants be ordered stricken and removed from the public property records of Florida, or else expunged and marked as VOID if otherwise required to remain in the public property records of each relevant county.

**74.** WHEREFORE, Plaintiff move and request that this Court declare and adjudge that Defendants, do not have, and never had, any legal right, title, nor any equitable or beneficial interest in the enforcement of the bylaws and declarations of the Mount Olive Shores North Owners' Association, and should be both temporarily and permanently enjoined from proceeding against 1227 Motor Coach Drive, Polk City, Florida 33868-5101.

## TRIAL-BY-JURY

**75. Plaintiff demands a trial-by-jury of all issues of fact so triable, and all mixed questions of law and fact which may be triable as a matter of controlling case law, and Plaintiff demands an advisory jury on all other matters to the extent permitted by law, with appropriate instructions distinguishing the advisory from the deciding issues presented to the jury for resolution.**

## PERMANENT INJUNCTION

Pursuant to the requirements of Rule 65 of the Federal Rules of Civil Procedure and all related statutes and rules, Plaintiff Pearl Lanier Bryan requests that preliminary and permanent injunctions be granted and enforced against Mount Olive Shores North Owners' Association, Patrick T. Hinckley, and Taylor & Carl, P.A., and all other attorneys and counselors who might seek to represent Mount Olive Shores North Owners' Association or any similar owners' association authorized by Florida statutory law, to

prevent the enforcement or application of Florida Statute §720.3085 or any related, dependent, or derivative statute or rule of law. This Court should finally enjoin the enforcement of Florida Statute §720.3085 throughout the state of Florida as unconstitutional on any or all of the several grounds herein-above alleged.

## **PRAYER FOR RELIEF**

Plaintiff PEARL LANIER BRYAN prays for judgment against all defendants for the relief requested above, including but not limited to declaratory judgment regarding the rights and status of each party in relation to the property at 1227 Motor Coach Drive, Polk City, Florida 33868-5101, and the interests assigned to Plaintiff in such property and the notes, transactions, and occurrences relating to the same.

Respectfully submitted,

Thursday, May 6, 2010

By: _____
Pearl Lanier Bryan, *pro se*
Plaintiff, *in propia persona*
1227 Motor Coach Drive,
Polk City, Florida 33868-5101
Telephone: (863) 984-7474